Hart, J.,
concurring. The note which is the subject of consideration in this case carries an acceleration clause providing for the payment of the balance due at the option of the holder, where the maker fails to pay any installment when due or where the chattel mortgage securing the note is breached in any respect.
The mortgage contains a covenant to the effect that, • “in case default shall be made in * * * any of the covenants expressed herein, or whenever the mortgagee shall, for any reason, deem said indebtedness insecure, the mortgagee may, at its option * * *, elect to treat the balance remaining unpaid on said note immediately due and payable forthwith.” (Italics supplied.)
Section 8106, General Code, provides that an instrument to be negotiable “must be payable on demand, or at a fixed or determinable future time.”
Section 8109, General Code, provides that an instrument is payable at a determinable future time where it is payable “on or at a fixed period after the occurrence of a specified event, which is certain to happen, though the time of happening be uncertain.”
This section provides further that “an instrument payable upon a contingency is not negotiable, and the happening of the event does not cure the defect.”
*463 Under the acceleration clause of the note, a holder can declare the note due only upon some default as to payment or the mortgage covenants. The acceleration provision in the mortgage, relating to insecurity of the mortgagee, not dependent upon default of the mortgagor, is not available to the holder of the note but only to the mortgagee as against the mortgagor; and in my opinion a right of recovery under such provision of the mortgage for acceleration would be subject to all defenses available between the original parties.
In my opinion, this distinction with its legal consequences saves the negotiability of the note from the limitations of the statute.